IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RANDOLPH COUNTY EX RE. AND TO THE USE OF JERRY SWARTZ AND RANDOLPH COUNTY AND JERRY SWARTZ | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:12 CV 78 RWS |
| JOHN RICHARD TREGNAGO, *in his official and individual capacity,* AND OLD REPUBLIC SURETY COMPANY | ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Jerry Swartz claims that Defendant John Richard Tregnago violated his duties as the Assessor of Randolph County and as a result, violated Swartz's equal protection rights. Defendant Old Republic Surety Company issued a county assessor's bond to Randolf County. In addition to filing his claims against Tregnago, Swartz has also asserted claim directly against the bond under section 522.010, R.S.Mo. Old Republic filed a motion to dismiss. Because Swartz cannot assert a claim against Old Republic's bond, I will grant Old Republic's motion to dismiss.

*Background*

Defendant Tregnago is the county assessor for Randolf County. On August 31, 2009, Tregnago deposited a surety company bond in the amount of $10,000, paid for by Randolph County, in the office of the clerk of the county commission. The bond states that Tregnago is the principal, Defendant Old Republic is the surety, and County of Randolph is the obligee.

Swartz alleges in his complaint Tregnago violated his duties as the county assessor. Swartz's allegations include assertions that Tregnago: approved inaccurate timesheets of an assessor's office employee; used his county computer and phone for personal purposes; improperly obtained legal advice in 2009 from the State Tax Commission concerning the appraisal of Swartz's real property; acted as if he were the defendant in Swartz's 2010 challenge to his personal property assessment; improperly attempted to influence the appraisal of Swartz's property; and acted in bad faith in appraising Swartz's personal and real property.

Swartz asserts two causes of action. The first is an action against Old Republic's bond under § 522.010 R.S.Mo., based on Tregnago's alleged breach of duty as assessor of Randolph County. The second is an action brought against Tregnago under 42 U.S.C. § 1983 alleging that Tregnago violated Swartz's equal protection rights.

Old Republic has filed a motion to dismiss asserting that Swartz has failed to state a claim against Old Republic's bond.

### *Legal Standard*

When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555.

*Discussion*

Swartz's claim against the bond issued by Old Republic is based upon his assertion that R.S.Mo. § 522.010 entitles him to assert a claim directly against the bond. Swartz seeks damages allegedly caused by Tregnago's breach of duty as county assessor. Old Republic asserts that Swartz fails to state a cause of action for which relief can be granted because neither the bond nor § 522.010 authorizes recovery against the bond.

Under Missouri law, the liability "of a surety is limited to the terms and conditions stated in the bond." Frank Powell Lumber Co. v. Federal Ins. Co., 817 S.W.2d 648, 651 (Mo. Ct. App. 1991). In reviewing the terms of the bond the question becomes: "Did the surety promise to pay money to the plaintiff?" La Salle Iron Works, Inc. v. Largen, 410 S.W.2d 87, 91 (Mo. 1966). Old Republic correctly asserts that the plain language of the bond at issue does not create an individual right to pursue the proceeds of the bond nor does it promise to pay money to a plaintiff like Swartz. However, in construing the terms of a bond required to be posted by statute, courts will read into the bond terms of the statute which have been omitted and read out of the bond terms not authorized by the statute. State ex re. Jefferson County v. Sheible, 163 S.W.2d 559 (Mo. 1942)(quotations and citations omitted).

Swartz argues that § 522.010 must be read into the language of the bond. Swartz asserts that § 522.010 provides a private cause of action against the bond at issue in this case.

Section 522.010 states:

Persons injured by the neglect or misfeasance of any officer may proceed against such principal or any one or more of his sureties, jointly or severally, in any proceeding authorized by law against such officer for official neglect or injury.

Swartz argues that the phrase "authorized by law" entitles him to assert a cause of action against Old Republic's bond based on any cause of action he can assert against Tregnago as county assessor under statutory or common law. However, § 522.010 does not create or authorize any action against any officer or his sureties for neglect or misfeasance, it is only a procedural statute. State ex rel. Funk v. Turner, 17 S.W.2d 986, 993 (Mo. Ct. App. 1928)(reversed on other grounds State ex rel. Funk v. Turner, 42 S.W.2d 594 (Mo. 1931)). The statute authorizes a private action against a public official and/or his surety where a law expressly authorizes a cause of action against the official's bond.

Several Missouri laws specifically authorize a private cause of action directly against a public official's bond. Some examples include:

> R.S.Mo. § 375.470 If said director or his deputy shall willfully fail, refuse or neglect to faithfully keep, deposit, account or surrender, in the manner by law authorized or required, any such securities as aforesaid, transferred to and received by him or into his custody, under the provisions of law, such director shall be responsible upon his official bond, and suit **may be brought upon said bond by any person injured**;

> R.S.Mo. § 57.160 Any outgoing sheriff who shall fail or refuse for sixty days to turn over to his successor in office any fee or money required to be turned over by the provisions of section 57.150 **shall be liable on his bond** for double the amount that he shall fail or refuse to turn over, to be recovered by a civil action **in the name of the person to whom said money or fees is due**;

> R.S.Mo. § 301.560.3 The **bond shall be executed in the name of the State of Missouri for the benefit of all aggrieved parties** or the irrevocable letter of credit shall name the State of Missouri as the beneficiary; except, that the aggregate liability of the surety or financial institution to the aggrieved parties shall, in no event, exceed the amount of the bond or irrevocable letter of credit.

A plaintiff may bring an action under these statutes directly against the bond because these

statutes authorized such a claim.  Swartz has failed to identify any Missouri statute which allows Swartz to assert a claim directly against a county assessor's bond.  As a result, I will grant Old Republic's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Old Republic Surety Company's Motion to Dismiss [#8] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2013